Filed 8/14/26  Breckenridge Property Fund 2016 v. Haws CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016,<br>        Plaintiff and Respondent,<br><br>v.<br><br>CHARLES HAWS,<br>        Defendant and Appellant. | C102809<br><br>(Super. Ct. No. CVCS22-0002233) |

SUMMARY OF THE APPEAL

Mere hours after a hearing during which the Sutter County Superior Court (trial court) granted plaintiff and respondent Breckenridge Property Fund 2016, LLC's (Breckenridge) application for an order to sell real property of which defendant and appellant Charles Haws was the owner of record, Haws filed for bankruptcy.  Two weeks later, the trial court filed the formal written order to sell the property.

On appeal, Haws argues the order for sale was void because it was entered after his bankruptcy petition was filed effectuating an automatic stay of the commencement or continuation of judicial proceedings against him.  (See 11 U.S.C. § 362 (a)(1)-(2).)  He also argues the order for sale was rendered void and unenforceable once he had the debt secured by the real property discharged in the bankruptcy proceeding.  (See 11 U.S.C. § 524(a)(1)-(2).)

We affirm the trial court's order.

1

FACTS AND HISTORY OF THE PROCEEDINGS

In December 2022, Breckenridge obtained a California judgment against Haws based on a sister-state judgment entered in Colorado in the amount of $399,526.62.

In January 2023, the trial court issued an abstract of judgment, and Breckenridge recorded the abstract of judgment with the Sutter County Recorder. Under California law, "[e]xcept as otherwise provided by statute, a judgment lien on real property is created ... by recording an abstract of a money judgment with the county recorder." (Code Civ. Proc., § 697.310, subd. (a).)

In July 2024, Breckenridge asked the trial court to issue an order to sell a parcel of real property, identified as Parcel 1, located at 2547 Rio Oso Road, Rio Oso, California. as to which Haws was the owner of record. Breckenridge's counsel attached a title report to the declaration and memorandum he filed in support of the application. The report identified Haws as Parcel 1's sole owner beginning in 2016 and continuing through the April 2024 date of the report. Counsel also stated that Breckenridge believed Haws occupied a property other than Parcel 1.

The trial court issued an order to show cause directing Haws to show cause why the application for sale should not be granted.

On December 16, 2024, at approximately 9 a.m., the trial court held a hearing on the order to show cause. At the close of the hearing, the trial court granted Breckenridge's application for an order to sell Parcel 1 and directed Breckenridge to prepare the formal order.

Approximately two hours later, at 11:11 a.m. on December 16, 2024, Haws filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. § 701, et seq.).

On a property schedule Haws filed in the bankruptcy matter, he stated he had an ownership interest in a real property, Parcel 2, which is at an address next or extremely close to Parcel 1. Haws did not list Parcel 1 on his property schedule. He identified

2

Parcel 2 as an exempt property under section 522(b)(3) of title 11 of the United States Code, and section 704.730 of the California Code of Civil Procedure. Section 522(b)(3) of title 11 of the United States Code exempts specified assets from the bankruptcy estate that are exempt under state law. Section 704.730 of the California Code of Civil Procedure exempts homesteads from sale to pay judgment creditors if certain requirements are met. (See also Code Civ. Proc., § 704.720.)

Haws listed Breckenridge as a creditor with a nonpriority unsecured claim against him in his bankruptcy filings.

On December 18, 2024, Haws filed a proof of service on Breckenridge's counsel of a notice of bankruptcy case filing in the trial court. He attached a notice of bankruptcy case filing to the proof of service.

On December 27, 2024, the trial court signed the order for sale of Parcel 1. The clerk of the trial court filed the order on December 30, 2024.

Haws filed a notice of appeal of the order for sale on December 30, 2024, identifying the subject appealable order as entered on December 16, 2024.

In February 2025, this court issued a letter stating it would take no further action on this appeal pending the discharge of the stay in Haws's bankruptcy action.

In April 2025, the bankruptcy court issued an order of discharge. In July 2025, the bankruptcy court issued a final decree closing the bankruptcy estate.

In August 2025 this court notified the parties that the appeal could proceed.

In October 2025, in the trial court, Haws filed a motion to dismiss the judgment and orders to enforce the judgment in this action. He argued the judgment was discharged in the bankruptcy action, and any attempt to collect on it would violate the permanent discharge injunction. Neither party has supplied us with a copy of a trial court ruling on this motion, though Haws has taken the position that the trial court has abused its discretion because it has not vacated the order for sale.

3

In December 2025, Breckenridge filed a limited opposition and reservation of rights to debtor's motion to avoid lien in Haws's bankruptcy action. Breckenridge stated that when it recorded the abstract of judgment regarding this action in January 2023, the judgment attached to Parcel 1 and Parcel 2. Breckenridge asked the bankruptcy court to make it clear that any avoidance of judicial lien effectuated by the bankruptcy only applied to Parcel 2, and not to Parcel 1. The bankruptcy court granted Breckenridge's request. In an order the bankruptcy court wrote, "the judgment lien of Breckridge Property Fund 2016, LLC is avoided solely to the Estate Property [Parcel 2] and not [to] the Non-Estate Property [Parcel 1] ...."

On February 9, 2026, Haws filed his opening brief in this appeal.

Later in February 2026, in the bankruptcy court, Breckenridge requested a finding that the automatic bankruptcy stay did not apply to the entry of the sale order at issue in this appeal, or that the stay be annulled retroactively.

On March 11, 2026, Breckenridge filed its respondent's brief in this appeal.

On March 16, 2026, the bankruptcy court issued an order granting Breckenridge's request to find the bankruptcy stay inapplicable to Parcel 1. The bankruptcy court noted both Haws and Breckenridge took the position that the property was not bankruptcy estate property when Haws filed his bankruptcy petition, but they appeared to disagree as to why it was not bankruptcy estate property. The bankruptcy court said it did not matter which party was right. It wrote, "[t]he critical concession by the debtor here is that the Property is not—and never has been—property of the estate."

In its March 2026 order, the bankruptcy court disagreed with Haws's position that the order of sale violated the stay: "Because the Property is not—and never has been—property of the estate, Breckenridge's postpetition acts affecting the Property did not—and could not—violate the automatic stay." The bankruptcy court concluded, "[t]he Property is not—and never has been—property of the estate which means it is not—and never has been—protected by the automatic stay."

4

Haws has not filed a reply.

Haws filed a request for judicial notice in this appeal on March 9, 2026. He filed a supplemental request for judicial notice on April 6, 2026. Breckenridge filed a request for judicial notice on March 11, 2026. The requests ask this court to take notice of various filings in the bankruptcy action and in the trial court in this action, and of property records. We deferred ruling on the requests pending calendaring and panel assignment. We grant all requests.

DISCUSSION

*The Sale Order Did Not Violate the Automatic Stay*

Under section 362 (a)(1) of title 11 of the United States Code, the filing of a bankruptcy petition stays "the commencement or continuation ... of a judicial ... action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the United States Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the case under [the United States Bankruptcy Code]." In his opening brief, Haws argues the order for sale is void and it violated the bankruptcy stay because the formal written order was signed and filed after he filed his bankruptcy petition.

The parties differ as to whether we should consider the operative order at issue here as the one entered on December 16, 2024, a couple hours before the bankruptcy petition was filed; or the order entered on December 27 or 30, 2024, when the formal order was signed and filed after Haws petitioned for bankruptcy. Given the findings of the bankruptcy court, we need not resolve this disagreement.

"Bankruptcy courts have the sole authority to determine the scope of the automatic stay imposed by 11 United States Code section 362(a), subject to federal appellate review." (*In re Marriage of Sprague & Spiegel-Sprague* (2003) 105 Cal.App.4th 215, 219, citing *In re Gruntz* (9th Cir. 2000) 202 F.3d 1074, 1087.) Here, the bankruptcy

5

court declared that Parcel 1 was not—and never had been property of the bankruptcy estate and that postpetition acts affecting Parcel 1 did not and could not have violated the automatic stay. Whether the trial court's order affecting Parcel 1 was entered before or after Haws filed his bankruptcy petition has no bearing on this appeal.

Haws's argument that the trial court could not order a sale of the property because it was estate property also fails. The bankruptcy court determined Parcel 1 was never property of the estate, and postpetition acts affecting the property did not violate the stay.

In another argument, Haws claims the discharge injunction rendered the collection effort moot because it voided the prior judgment and its enforcement order. His remaining arguments proceed on a similar theory. He argues the trial court needed to vacate the sale order following the stay and discharge. He also claims this court and the trial court are enjoined from enforcing the order by the bankruptcy discharge injunction.

Here, the bankruptcy court specifically found that, "the judgment lien of Breckenridge Property Fund 2016, LLC is avoided solely to the Estate Property [Parcel 2] and not the Non-Estate Property [Parcel 1] ...." And, as noted above, the bankruptcy court found Parcel 1 was not property of the estate.

Appellant's arguments fade away to nothingness given the bankruptcy court's determination that the ownership of Parcel 1 was never the property of the bankruptcy estate. The discharge did not void Breckenridge's lien on the property and the resulting order of sale.

DISPOSITION

The order for sale is affirmed.  As the prevailing party on appeal, Breckenridge is awarded its appellate costs.  (Cal. Rules of Court, rule 8.278(a).)


/s/
HULL, Acting P. J.

We concur:



/s/
MAURO, J.



/s/
FEINBERG, J.